UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALAA HUSSEIN,

        Plaintiff,

    v.

JETSUITEX, INC., ET AL.,

        Defendants.

No.  2:22-CV-00412-JAM-JDP

**ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS**

    The matter before the Court is JetSuiteX, Inc. and Delux Public Charter, LLC's ("Defendants") motion to dismiss counts three and four of the first amended complaint ("FAC") filed by Alaa Hussein ("Plaintiff").  See Mot. to Dismiss ("Mot."), ECF No. 11; FAC, ECF No. 5.  Plaintiff opposed the motion.  See Opp'n, ECF No. 12.  Defendants replied.  See Reply, ECF No. 13.

    For the reasons set forth below, this Court GRANTS Defendants' motion to dismiss.[1]

    I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

    Defendants own and operate JSX, a private airline that offers flights between its private air terminals for sale to the

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for August 23, 2022.

1

general public.  FAC ¶¶ 4-5, 10.  On or about June 4, 2021, Plaintiff purchased two roundtrip ticks from Reno, Nevada to Las Vegas, Nevada through JSX's website.  Id. ¶ 12.  A couple of days later, Plaintiff and her partner arrived at JSX's terminal in Reno to check in for their flight.  Id. at 13.  When Plaintiff attempted to check in, a JSX representative scanned her boarding pass but, encountering an obstacle to the check-in, told Plaintiff to stand aside and wait while the other passengers boarded.  Id. ¶¶ 14-15.  Plaintiff alleges that all the other passengers were white.  Id. ¶ 14.  Moments later, a JSX supervisor, Steven Jenkins, examined the check-in computer and allegedly told Plaintiff that she would not be permitted to board the plane because TSA had not cleared her to fly.  Id. ¶ 16. Plaintiff alleges that other passengers overheard this statement and that she felt humiliated.  Id.  Plaintiff alleges that Jenkins was dismissive of her requests to call TSA to resolve the issue before Plaintiff's flight departed; when Jenkins finally called TSA after the flight had departed, TSA informed Jenkins that there were no restrictions on Plaintiff's ability to fly. Id. ¶¶ 17-18.  Plaintiff alleges that Jenkins then spoke to his supervisor and then informed Plaintiff that she was denied boarding by someone at JSX because her last name was "high risk." Id. ¶ 19.  Plaintiff claims that Jenkins repeated that Plaintiff was denied boarding because of her last name at least four more times during their discussion of the incident in the presence of other people in the terminal and that Plaintiff again felt humiliated.  Id.  After this incident, Plaintiff opted to drive to Las Vegas.  Id. ¶ 20.  In the weeks following the incident,

1   Plaintiff received contradictory explanations from Jenkins and

2   other JSX representatives about the reason for her being refused

3   entry onto her flight.  Id.  ¶¶ 21-26.  Plaintiff alleges that

4   Defendants' conduct constituted racial discrimination and caused

5   her to suffer emotional distress, mental anguish, and

6   embarrassment.  Id. ¶ 29.

7        On April 22, 2022, Plaintiff filed the operative FAC against

8   Defendants, alleging: (1) discrimination under federal and

9   California law; (2) intentional infliction of emotional distress

10  (IIED); (3) negligent infliction of emotional distress (NIED);

11  (4) breach of contract; and (5) breach of the implied covenant of

12  good faith and fair dealing.  Id. ¶ 30-49.  Defendants move to

13  dismiss the state claims for intentional infliction of emotional

14  distress and negligent infliction of emotional distress under

15  FRCP 12(b)(6) for failure to state a claim upon which relief can

16  be granted.  Mot. at 1-2.

17                       II.   OPINION

18       A.   Legal Standard

19       In considering a motion to dismiss for failure to state a

20  claim upon which relief can be granted under FRCP 12(b)(6), the

21  Court must accept the allegations in the FAC as true and draw

22  all reasonable inferences in favor of Plaintiff.  Moss v. U.S.

23  Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (citing Ashcroft

24  v. Iqbal, 556 U.S. 662, 678 (2009)).  The FAC must possess more

25  than "a formulaic recitation of the elements of a cause of

26  action;" it must contain non-conclusory, factual allegations

27  sufficient "to raise a right to relief above the speculative

28  level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554

                              3

1  (2007).

2      B.   Analysis

3           1.   Claim One: Intentional Infliction of Emotional

4                Distress

5      Defendants argue that Plaintiff's state IIED claim must be

6  dismissed because Plaintiff's pleading is insufficient to

7  establish that (1) Defendants engaged in extreme and outrageous

8  conduct and (2) Plaintiff suffered severe emotional distress.

9  Mot. at 6-8. Defendants contend that Plaintiff being wrongfully

10 denied boarding does not rise to the level of extremity required

11 by California courts, nor does her transitory moment of

12 embarrassment rise to the requisite level of severity. Id.

13     Plaintiff claims that because she has a viable racial

14 discrimination claim, it would be incongruous for the Court to

15 dismiss her IIED on sufficiency grounds. Opp'n at 5. Plaintiff

16 then compares Defendants' alleged conduct to sexual harassment in

17 the workplace, which courts have found can constitute outrageous

18 conduct. Id. With respect to emotional distress, Plaintiff

19 reemphasizes the humiliation that Plaintiff allegedly felt when

20 told in front of others that she was denied entry because of her

21 last name as sufficient to constitute severe emotional distress.

22 Id.

23     The Court finds that Plaintiff has failed to allege facts

24 sufficient to maintain this claim against Defendants. The FAC

25 must contain non-conclusory, factual allegations sufficient "to

26 raise a right to relief above the speculative level." Twombly,

27 550 U.S. at 554. A cause of action for IIED requires a showing

28 of: (1) extreme and outrageous conduct by the defendant with the

4

intention or reckless disregard of causing emotional distress;
(2) the plaintiff suffering severe or extreme emotional distress;
and (3) proximate cause.  Hughes v. Pair, 46 Cal. 4th 1035, 1050
(2009).  Extreme and outrageous conduct under this claim is
conduct so "extreme as to exceed all bounds of that usually
tolerated in a civilized community."  Id.  It is not enough for a
plaintiff to suffer "mere insults, indignities, threats,
annoyances, petty oppressions, or other trivialities" or for a
defendant to have discriminatory intent.  Light v. Dep't of Parks
& Recreation, 14 Cal. App. 5th 75, 101-02 (2017).  While it is
undisputed that Plaintiff faced indignity and annoyance at being
denied boarding and having her travel plans delayed, Plaintiff's
allegations are insufficient to constitute conduct that "exceeds
all bounds of that usually tolerated in a civilized society" as
required by the California courts.  Hughes, 46 Cal. at 1050.
Plaintiff also fails to support this first element with any
relevant or persuasive legal authority and Plaintiff's reference
to her discrimination claim is a bare assertion with no factual
support to address the requisite pleading standard.

As for the second element, the "severe or extreme emotional
distress" alleged must be substantial or enduring to a degree
that "no reasonable person in civilized society should be
expected to endure it."  Id. at 1051.  "Trivial or transitory"
injury, including "discomfort, worry, anxiety, upset stomach,
concern and agitation," is insufficient to meet this high bar.
Girard v. Ball, 125 Cal. App. 3d 772, 787 (Ct. App. 1981),
Hughes, 46 Cal. at 1051.  While it is undisputed that Plaintiff
felt humiliated both when she attempted to check in and during

her conversation with JSX representative Jenkins, those feelings
were brief and only spanned the course of the two interactions
she had with JSX staff at the terminal that morning.  Thus,
Plaintiff's alleged injuries were transitory and do not meet the
high bar of substantial or enduring injury as required by the
California courts.  Plaintiff also fails to support this second
element with any legal authority.  In the absence of the non-
conclusory, factual allegations necessary to sustain this claim,
the Court dismisses this claim with prejudice.

> 2.   Claim Two: Negligent Infliction of Emotional
> Distress

Defendants argue that Plaintiff's NIED claim must be
dismissed because (1) Plaintiff has failed to identify an
applicable duty of care that Defendants breached and
(2) Plaintiff has failed to allege serious emotional distress.
Mot. at 8-9.  Defendants contend that Plaintiff's failure to
sufficiently allege severe emotional distress in their IIED
claim requires the Court to find for Defendants on this claim.
Id. at 9.

Plaintiff argues that Defendants' alleged actions
constituted a breach of their duty as common carriers to
Plaintiff as a passenger.  Opp'n at 6.  Plaintiff contends that
this high duty of care applies to passengers in transit as well
as those within the "sphere of activity" completely under a
defendant's control, so it is applicable in this case because
Plaintiff was a passenger in JSX's private terminal.  Id. at 6-7
(citing Orr v. Pacific Southwest Airlines, 208 Cal.App.3d 1467,
1474).  As with her injury argument for her IIED claim,

6

Plaintiff reemphasizes the humiliation and mental anguish she felt from Defendants' alleged racial discrimination without adding any new factual allegations or supporting legal authority.  Id. at 7.

Once again, the Court finds Defendants' argument persuasive.  The FAC must contain non-conclusory, factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 554.  An NIED claim is not an independent tort but a negligence tort which requires a plaintiff to sufficiently allege the traditional elements of (1) duty, (2) breach of duty, (3) causation, and (4) damages.  Wong v. Jing, 189 Cal. App. 4th 1354, 1377 (2010).  Plaintiff contends that the applicable duty here is that of a common carrier to a passenger, which is created when a plaintiff (1) offers to become a passenger and (2) is accepted as a passenger after placing themselves under the control of the common carrier. Grier v. Ferrant, 62 Cal. App. 2d 306, 310-11 (1944).  This duty extends beyond the contract of carriage to include anywhere the passenger is in the "sphere of any activity of the carrier which might reasonably constitute a mobile or animated hazard to the passenger."  Orr, 208 Cal. App. at 1472.  An NIED claim for emotional distress also requires a showing of "serious" emotional distress such that a reasonable person "would be unable to adequately cope with the mental stress engendered by the circumstances of the case;" the Wong court found this standard to be functionally equivalent to the "severe emotional distress" standard required for IIED claims.  Wong, 198 Cal. App. at 1377-78.

7

1      The Court agrees with Defendants that Plaintiff has failed

2  to identify an applicable duty of care for her NIED claim.  The

3  common carrier duty is inapplicable because, by Plaintiff's own

4  admission, she offered herself as a passenger to JSX and was not

5  accepted.  Plaintiff's reliance on <u>Orr</u> in arguing that she was

6  within JSX's "sphere of activity" is misplaced because Plaintiff

7  has failed to show that (1) the common carrier-passenger duty

8  applied and (2) the check-in area of the terminal would have

9  "reasonably constitute[d] a mobile or animated hazard" to her.

10  <u>Orr</u>, 208 Cal. App. at 1472.  Therefore, there is no applicable

11  duty of care for this claim.  Plaintiff has further failed to

12  distinguish her injury claims under this claim from those in her

13  IIED claim, which the Court found to be insufficient to meet the

14  requisite IIED pleading standard; in light of the standard set

15  forth in <u>Wong</u>, the Court finds the same for Plaintiff's NIED

16  claim.  <u>See</u> <u>Wong</u>, 198 Cal. App. at 1377–78.  In the absence of

17  the non-conclusory, factual allegations necessary to sustain

18  Plaintiff's NIED claim, the Court dismisses this claim with

19  prejudice.

20                         III.   ORDER

21      For the reasons set forth above, the Court GRANTS Defendants'

22  motion to dismiss WITH PREJUDICE.

23      IT IS SO ORDERED.

24  Dated: November 7, 2022

25

26

27  JOHN A. MENDEZ

    SENIOR UNITED STATES DISTRICT JUDGE

28